**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JASON P. BROWN,                  :
                                 :  Civil Action No. 06-4891 (RBK)
            Plaintiff,           :
                                 :
       v.                        :   **OPINION**
                                 :
CHARLES J. DUDEK, et al.,        :
                                 :
            Defendants.          :

**APPEARANCES:**

    JASON P. BROWN, Plaintiff <u>pro</u> <u>se</u>
    #03541-015
    FCI Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**KUGLER**, District Judge

Plaintiff Jason P. Brown ("Brown"), a federal prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey ("FCI Fairton"), at the time he filed his Complaint, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to <u>Bivens v. Six Unknown named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act "FTCA"), 28 U.S.C. §§ 2671, <u>et</u> <u>seq</u>.  Plaintiff submitted an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> with his prison account statement and affidavit of indigency.  It appearing that plaintiff qualifies to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court will grant plaintiff's application to proceed as an indigent and will

direct the Clerk of the Court to file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should proceed in part.

## I.  BACKGROUND

Brown submits a Complaint that refers to a number of documents relating to an incident that occurred on February 9, 2004. These documents include medical records regarding Brown's alleged injuries, and tort claim notices and letters with certified mail cards and receipts.

In an undated Notice of Tort Claim, which is the first document in the packet of documents submitted by plaintiff, Brown states that he was a white collar criminal who had been on parole after having served time for bank fraud. Brown was subsequently charged with parole violations for failure to report to his parole officer on a timely basis.

The Notice further states that, on February 9, 2004, Brown was at his home in a private, gated community in Cherry Hill, New Jersey, when the U.S. Marshals Fugitive Task Force, a team of Postal Inspectors and the Camden County Agent came to plaintiff's

home to arrest him.  Because the gate was locked and could only be opened by a resident, Brown came down to open the front gate for the officers.  When Brown opened the gate, the officers rushed in, handcuffed Brown and repeatedly beat him about the face and upper body.  Brown alleges that, as a result of this beating, he suffered the extraction of several molars from his jaw, low back pain, and continuous headaches.

Brown further claims that an internal investigation was performed by the FBI, which began on April 3, 2004.  He alleges that, on November 15, 2005, FBI Special Agent Ron Roman concluded that U.S. Postal Inspector Howard Goodwin committed excessive force during the February 9, 2004 arrest.  Brown does not attach any documentation with respect to the FBI investigation.

Brown does attach copies of letters sent to him by the U.S. Department of Justice ("USDOJ"), in response to Brown's Notice of Tort Claim.  In a letter dated March 27, 2006, Mary J. Touhey, Trial Attorney for the USDOJ Civil Division, Torts Branch, acknowledged receipt of plaintiff's tort claim notice dated February 7, 2006, and indicated that the tort claim notice was being forwarded to the U.S. Postal Service and the U.S. Marshals Service for appropriate action because the claim arises out of the activities of those federal agencies.  Several other letters from the USDOJ confirm that Brown's Notice of Tort Claim was dated February 7, 2006, although received on February 10, 2006.

Brown also attaches a copy of a denial of claim letter from the United States Postal Service, dated June 9, 2006.  In the letter, counsel for the U.S. Postal Service informed plaintiff that plaintiff's claim was denied by all concerned federal agencies on April 27, 2006, because the U.S. Marshals Service denied plaintiff's FTCA claim by certified letter on that date. Brown does not provide a copy of the April 27, 2006 denial letter, and there is no indication as to Government's basis for denying plaintiff's FTCA claim.

Brown submitted this action on or about October 2, 2006, which is the date on which he signed the Complaint and application for in forma pauperis status.[1]  The Court received the Complaint on October 12, 2006.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks

---

[1] Giving Brown the benefit of all inferences related to the date he filed his complaint, the Court finds that Brown "filed" his complaint on the date he handed them to prison officials to be mailed to the Court for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because the Court does not know the exact date on which Brown handed his complaint to prison officials for mailing, it will use the date on which Brown signed his complaint, which was October 2, 2006.

4

redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can

5

prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

### III.  ANALYSIS

A.  Bivens Claim

   Brown brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal

officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[2]  The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

Here, Brown is seeking to recover money damages from federal officials acting in their individual capacities with respect to a claim of excessive force used during plaintiff's arrest on February 9, 2004.  Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment.  See Graham v. Conner, 490 U.S. 386 (1989).  "To state a claim for excessive force as an unreasonable seizure under the

---

[2] Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999). See also Graham v. Connor, 490 U.S. at 396-97 (force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case . . .").

In this case, plaintiff alleges that the federal agents beat him severely while plaintiff was handcuffed and after plaintiff had voluntarily opened a gate for the officers to enter to arrest him. Brown alleges that he suffered the loss of molars in his jaw, contusions to his face, lower back pain and continuous headaches. He also confirms that he sought medical attention for his injuries, and provides hospital and doctor's records to this effect. Finally, Brown contends that he did nothing to provoke the assault. These allegations, if true, would be sufficient to show that the federal officers may have intentionally harmed plaintiff without apparent provocation for the very purpose of causing harm. Thus, the Court would be inclined to allow the claim to proceed if the claim were not time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation

omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.  See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).  The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) parallels the provision in 28 U.S.C. § 1915(e).

    Congress has not legislated a statute of limitations for Bivens actions.  Napier v. 30 or More Unidentified Fed. Agents, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988).  However, the Third Circuit has held that the same statute of limitations applies to § 1983 and Bivens claims.  See Mishra v. Fox, 197 Fed. Appx. 167, 2006 WL 2493135, at *1 (3d Cir. 2006)(citing Napier, 855 F.2d at 1087; Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993).

Civil rights claims, such as that presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Brown's Fourth Amendment excessive force claim.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

    New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has

"in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, Brown's claim of excessive force accrued on the date of the incident or arrest, February 9, 2004.[3] Brown's Complaint

---

[3] A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the

11

is dated October 2, 2006, and was received by the Clerk's Office on or about October 12, 2006, more than two years after the arrest and excessive force occurred.  Brown fails to show facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.[4]  Thus, the Fourth Amendment excessive force claim, which accrued on February 9, 2004, is time-barred and will be dismissed with prejudice.[5]

---

claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

[4] The Court acknowledges that Brown is attempting to argue that the limitations period was tolled when the FBI conducted an investigation into the incident based on the "continuing wrong" or "continuing violations" doctrine.  "Under this doctrine, a federal cause of action based upon the defendant's continuing conduct is timely provided that the last act of that continuing conduct is within the period for the commencement of an action specified by the statute of limitations." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  Here, however, there was no ongoing violations by the federal officers to constitute a continuing wrong, and the alleged FBI investigation only shows that plaintiff was aware that he had a potential excessive force claim at the time it occurred.

[5] Brown also argues that the statute of limitations should be tolled because of fraudulent concealment and equitable tolling.  Brown fails to allege or show any act of fraudulent concealment with respect to the excessive force claim.  Plaintiff was aware of the "severe beating" when it occurred, and appears to have been aware of the alleged FBI investigation, which concluded before the statute of limitations expired on February 9, 2006.  Brown also fails to show that he was prevented by the federal officers, in some extraordinary way, from pursuing his claim in a timely manner.  He did not need to know the names of the officers who assaulted him on the day of his arrest on

B.  <u>Federal Tort Claim</u>

Brown also is attempting to allege a federal tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, <u>et seq</u>., to recover damages for personal injury due to the alleged excessive force used by the federal officers during his February 9, 2004 arrest.

A prisoner may pursue a remedy for deprivation of property due to the negligence or wrongful act of a federal employee under the FTCA.  <u>See</u> 28 U.S.C. §§ 1346(b), 2671-80; 28 C.F.R. §§ 542.10, 543.30.  The person wrongly deprived may present an administrative claim for damages to the appropriate federal agency.  28 U.S.C. § 2672.  If the administrative claim is ultimately denied, or is not disposed of within six months of filing, the claimant may then file suit in the appropriate district court under the FTCA.  28 U.S.C. § 2675(a).

The FTCA gives a district court exclusive jurisdiction over civil actions

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance

---

February 9, 2004.  The fact of the assault and plaintiff's immediate knowledge that he was injured by consequence of the assault were sufficient for plaintiff to know he had a claim.  There was no suggestion that information was purposely withheld from plaintiff.

  with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994); United States v. Muniz, 374 U.S. 150 (1963). However, a district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies. See 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106 (1993); Deutsch, 67 F.3d at 1091. Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Additionally, a tort claim against the United States is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993). The requirements that a claimant timely

present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.

Here, Brown filed his Notice of Tort Claim on February 7, 2006, two days before the two-year statute of limitations was to expire.  Brown also filed this action in the district court, on October 2, 2006, within six months from when his federal tort claim was denied on April 27, 2006.  Therefore, it appears that Brown's FTCA claim is both timely and exhausted.

It remains to be determined whether Brown can prove his tort claim regarding the alleged assault and injuries sustained on February 9, 2004 during his arrest.[6]  However, based on the complaint and documents submitted, the Court finds that Brown has pled facts sufficient for this FTCA claim to avoid dismissal at this preliminary stage of the litigation.[7]

---

[6] The Court is not aware of the basis for the administrative denial of Brown's tort claim since Brown did not include the April 27, 2006 letter in the documents he submitted with his Complaint.

[7] The only proper defendant in an FTCA claim is the United States.  See 28 U.S.C. § 1346(b)(1).  However, pursuant to the FTCA, the United States shall be substituted for an employee as a defendant in any common law tort action if the employee was acting within the scope of his or her employment.  See 28 U.S.C. § 2679(d)(1).  The Attorney General may file a certification that the defendant employee was acting within the scope of his employment at the time of the alleged incident.  See 28 U.S.C. § 2679(d)(1); see also Melo v. Hafer, 13 F.3d 736, 747 (3d Cir. 1994).  Upon such certification, the action shall be deemed an action against the United States, and the United States shall be substituted as a party defendant.  See id.  Thus, at this stage

## IV. CONCLUSION

For the reasons set forth above, the Complaint asserting a Bivens claim alleging excessive force by defendants in violation of his Fourth Amendment rights will be dismissed as time-barred. However, plaintiff's FTCA claim appears to be both timely and exhausted and the Court will allow that claim to proceed at this time. An appropriate order follows.

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

Dated: April 25, 2007

---

of the proceedings, the failure to name the United States as a defendant would not be fatal to Brown's FTCA claim, even though he named only two federal officials, Charles J. Dudek and Postal Inspector Howard Goodwin.